

| UNITED STATES DISTRICT COURT OF EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| *Frank F. Torok, II* <br> *5201 Stansfield Drive* <br> *Zionsville, PA 18092* | Bankruptcy Case No: 24-13427-PMM |
| In re: Frank F. Torok, II | Chapter: 13 <br> Bankruptcy Judge: Judge Patricia M. Mayer |

## MOTION TO AUTOMATIC STAY VIOLATION AND FDCPA VIOLATION

This Court has jurisdiction to hear a Core Proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (C), (H), (N) and (O).

> Pursuant to **28 U.S.C. § 157(b)(1) and (2)(A), (C), (H), (N) and (O), which states:**
>
> *(b) (1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under <u>section 158 of this title</u>. (2) Core proceedings include, but are not limited to— (A) matters concerning the administration of the estate; ... (C) counterclaims by the estate against persons filing claims against the estate; ... (H) proceedings to determine, avoid, or recover fraudulent conveyances;*
> ...
> *(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;*
> *(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; ..."*

From the outset, the adjournment of the sheriff sale by KML Law Group, P.C. and the Lehigh County Sheriff until November 22, 2024 were a violation of 18 U.S. Code § 242. 18 U.S. Code § 242, in relevant part states, *"Whoever, under color of any law, statute ... willfully subjects any person in any State ... to the deprivation of any rights, privileges, or immunities secured or*

*protected by the Constitution or laws of the United States ... by reason of his color, or race ...".* As summarized by the Department of Justice:

> *"Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.*
> *For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within their lawful authority, but also acts done beyond the bounds of that official's lawful authority,* if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. *Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as well as judges,* care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim.
> *The offense is punishable by a range of imprisonment up to a life term, or the death penalty,* depending upon the circumstances of the crime, and the resulting injury, if any."

I informed the Sheriff and KML of their violation. They claim that their continuing the sale, even though they know legally and factually the sale cannot proceed is not a violation of the Automatic Stay. However, not only is it a violation of the automatic stay per *11 U.S.C.A. § 362,* but it is also an FDCPA Violation a well. As such, the sale must be canceled while the bankruptcy is pending, the opposing side has not filed a proof of claim and no such stay relief has been granted. As such, Debtor demands relief now be granted, especially in light of the fact that the alleged debt collector has not even proven it has standing to proceed.

In *Bayview Loan Servicing LLC v. Fogarty,* the United States Circuit Court held that the automatic stay, pursuant to 11 U.S.C. § 362(a), is violated by an entity when it tries to proceed with a foreclosure in which the debtor is named, even if that debtor only had a "possessory interest" in the property. *See* Bayview Loan Servicing LLC v. Fogarty (*In re* Fogarty), 39 F.4th 62, 71 (2d Cir. 2022). They proceeded with a sale after the bankruptcy, and Fogarty sued for a "willful violation of the automatic stay." *See* Bayview Loan Servicing LLC v. Fogarty (*In re* Fogarty), 39 F.4th 62, 69

(2d Cir. 2022).

First, the district court held that the foreclosure sale violated the automatic stay because it was an action against the debtor and its assets. Second, the Circuit Court reasoned that the "plain text" of 11 U.S.C. § 362 supports the conclusion that the automatic stay blocks the foreclosure sale by Bayview. *See* Bayview Loan Servicing LLC v. Fogarty (*In re* Fogarty), 39 F.4th 62, 71-72 (2d Cir. 2022). The exact language of 11 U.S.C. § 362 cited was "the Sale represented a '**continuation** . . . of a judicial, administrative, or other action or proceeding against the debtor." See 11 U.S.C. § 362 and Bayview Loan Servicing LLC v. Fogarty (*In re* Fogarty), 39 F.4th 62, 72 (2d Cir. 2022). In my case, the adjournment of "the Sale represented a '*continuation . . . of a judicial, administrative, or other action or proceeding against the debtor.*" See 11 U.S.C. § 362. This is not merely maintaining the "status quo" as the status quo has changed in two ways.

First that an appeal has been filed as to whether the alleged interest party that claims to have the right to take my property to sale is even an interested party at all. Prior to the bankruptcy being filed, an appeal was submitted on January 16, 2024. Our brief was received on April 11, 2024. The opposing side's Brief was filed on May 13, 2024. The oral arguments have now occurred in the Superior Court, and we were now just waiting for the ruling. However, even with the appeal pending, the other side refused to adjourn the sale, and the court would not do so either; likely because I had to go back in front of the same judge that we appealed, and I frankly lambasted his ruling since it was so deficient procedurally and substantively. Nonetheless, if the Superior court rules in my favor, then the party that has been attempting adjourn the sale will never had an interest in the first place, as I argued. This means they continue to damage my credit, damage my reputation and repeat a factually and legally impossible statement; that they intend on moving forward with a sale when they know cannot.

That bring us to the second reason the adjournment is not simply "maintaining the status quo"; a bankruptcy was actually filed.

At that time as, *28 USC § 1334(e)(1)* states: *"(e) the districts Court in which a case under title 11 commenced or is pending shall have **exclusive jurisdiction-** (1) **of all the property**, wherever located of the debtor as of the commencement of such case, and **of property of the estate;**"*. This means that by adjourning the sheriff sale, and continuously forcing the debtor, and even the trustee, to field questions about the possibility of a sale, as well as other harms, this is a direct violation of *28 USC § 1334(e)(1)* since only the district court could threaten a sale, if it chose to. By permitting any other entity to do so, directly violates this rule.

Further, during this bankruptcy, if it is found they are in fact the correct party to collect on my mortgage, then a modification or new agreement could be made to bring the loan current. While that is being worked out, there is absolutely no basis to continue to list a new sale date on my home and continue the aforementioned damages. In fact, given they **know** they cannot proceed with the sale while they bankruptcy is in place, they have not submitted a proof of claim, nor have the requested relief, they are willfully and knowingly violation the FDCPA, at Section 1692f(6). As stated in *Stern v. Marshall*, "*The restructuring process **requires a creditor to file a proof of claim in the bankruptcy court.** 11 U.S.C. § 501; Fed. Rule Bkrtcy. Proc. 3002(a). In doing so, the creditor "triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.*" *Stern v. Marshall*, 564 U.S. 518, 79 **USLW** 4564 (2011). As I previously stated, this has not been done, so once the bankruptcy was filed, the other side, the sheriff and the state court immediately lost jurisdiction to proceed with, or even adjourn, a sheriff sale.

Section 1692f(6) prohibits debt collectors from "[t]aking or **threatening to take any nonjudicial action** to effect dispossession or disablement of property" **if the debt collector lacks**

4

a **"present right to possession ... through an enforceable security interest,"** if it does not actually "inten[d]" to take possession, or if the property is "exempt." 15 U.S.C. 1692f(6)(A). Further, in *Hall v. Nationstar Mortg., LLC*, 255 F. Supp. 3d 625 (E.D. Pa. 2015) the court stated that: *'Defendants did assert the possibility of something that simply was not going to occur ... Because that would be untrue as a factual matter ... the letter could "be reasonably read to have two or more different meanings, one of which is inaccurate."' Hall v. Nationstar Mortg., LLC*, 255 F. Supp. 3d 625, 631-632 (E.D. Pa. 2015) *Citing Brown v. Card Service Center, 464 F.3d 450 (3d Cir. 2006)*. The court found that *"... construing the facts in the light most favorable to Plaintiff, Defendants are not entitled to judgment as a matter of law". Hall v. Nationstar Mortg., LLC*, 255 F. Supp. 3d 625, 634 (E.D. Pa. 2015).

While *Hall* was found against the Plaintiff for other reasons, the legal finding still applies here; that continuously adjourning the property for a sheriff sale, knowing that it would be a legal and factual impossibly with the bankruptcy and automatic stay in place, is a direct violation. It is legally impossible, because they have not filed a proof of claim or a motion for relief. It is factually impossible, because they know while a bankruptcy is in place, the sale cannot proceed and also, if the appeal is granted in my favor, they never had the right to be here in the first place.

For those reasons, I request the court grant the following:

1. The sheriff sale be immediately canceled while the bankruptcy is in place;
2. I be granted monetary damages for the willful automatic stay violation; and
3. I be granted monetary damages for the willful FDCPA violation.

Date: October 18, 2024                    By: /s/ FRANK TOROK
                                              FRANK TOROK

5