**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**READING DIVISION**

| | |
|---|---|
| IN RE: FRANK F. TOROK II,<br>　　　　　Debtor(s)<br><br>vs.<br><br>KML LAW GROUP, P.C., and<br>US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST<br>　　　　　Respondents<br><br><br>KENNETH E. WEST,<br>　　　　　Trustee | CHAPTER 13<br><br>CASE NO. 24-13427-PMM |

**OPPOSITION TO DEBTOR'S "MOTION FOR RELEIF FROM AUTOMATIC STAY VIOLATIONS AND FDCPA VIOLATIONS"**

Dear Judge Mayer:

　　　　Our office represents US Bank Trust National Association, Not in its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust in relation to the "Motion for Relief from Automatic Stay Violations and FDCPA Violations" in the above captioned Bankruptcy. Please accept this letter brief in lieu of a more formal submission in opposition to same. Debtor's interpretation of the requirements of the Automatic Stay under the Bankruptcy Code are simply incorrect and the motion must be denied.

Page 1

## I. ADJOURNMENT OF A SHERIFF SALE DOES NOT CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY

The filing of a Bankruptcy Petition triggers the protections of the Automatic Stay, thereby preventing creditors from instituting or continuing collection efforts against the debtor. 11 U.S.C. § 362(a)(1). The Automatic Stay is intended to be a shield for the debtor to preserve the status quo to allow the opportunity to reorganize its finances, not provide a sword for the debtor to require the creditor to move backward in time.

It is longstanding law in the Third Circuit that "continuance of a sheriff's sale in accordance with state law procedure during the pendency of an automatic stay does not violate § 362(a)(1). See, Taylor v. Slick, 178 F.3d 698, 701 (3rd Cir. 1999). See also, In re Michael Billings and Kathleen Billings, 544 B.R. 529, (Bankr.E.D.Pa 2016); In re Taylor, 207 B.R. 995 (Bankr.W.D.Pa. 1997). As pointed out by the Third Circuit in Taylor v. Slick, "[t]he primary purposes of the automatic stay provisions are to effectively stop all creditor collection efforts, stop all harassment of a debtor seeking relief, **and to maintain the status quo between the debtor and [his] creditors**..." which specifically allows filing a motion in state court to continue a sheriff sale. Id. at 702 (emphasis added).

In contrast, the cases cited by debtor all deal with cases where a creditor actually proceeded forward with a sheriff sale while the stay was in effect. In Fogarty, an LLC owned the subject property. The debtor in the bankruptcy was simply named a party in the underlying foreclosure action for any possessory interest in the property. The issue before the Court was whether a non-owner possessory interest in real property was protected by

Page 2

the automatic stay and whether continuing with the sheriff sale without relief from the stay was a violation. The Second Circuit Court found that because the debtor was a named party in the underlying action, proceeding with the sale without relief from the automatic stay was a violation.

The underlying facts in this matter are not in dispute. On or about March 3, 2020, a foreclosure action was initiated in Court of Common Pleas of Lehigh County under docket number 2020-C-0729. On December 14, 2023, the case ultimately proceeded to the entry of a Summary Judgment Order in favor of the foreclosing plaintiff, U.S. Bank National Association. The Order entered an *in rem* judgment in the amount of $387,754.35. The Order further ordered the sale of real property located at 5201 Stansfield Drive, Zionsville, PA. On or about January 8, 2024, Defendant, Frank Torok, filed an appeal of the Order granting summary judgment to plaintiff. A sheriff sale of the property was subsequently scheduled for September 27, 2024. This Bankruptcy Petition was thereafter filed on or about September 24, 2024.

On September 24, 2024, plaintiff requested that the sheriff sale be adjourned to November 22, 2024. On November 14, plaintiff again requested the sheriff sale be adjourned to January 24, 2025.

Based on over twenty years of legal precedence, there is absolutely no stay violation in this case. Plaintiff was well within its right to maintain the pre-bankruptcy status by requesting that the sheriff adjourn the pending sheriff sale because of the bankruptcy.

## II. THE ROOKER-FELDMAN DOCTRINE PRECLUDES DEBTORS ATTEMPT TO ATTACK THE UNDERLYING FORECLOSURE JUDGMENT IN THE BANKRUPTCY COURT

The Rooker-Feldman doctrine precludes "inferior" federal courts from sitting as appellate courts to review state court judgments. In re Knapper, 407 F.3d 573, 580 (3d Cir.2005). The doctrine applies to those cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280, 284 (2005). In order to trigger the Rooker-Feldman doctrine a Court must find that:

> (1) the federal claim being made in federal court was litigated in state court prior to the filing of the federal action; or (2) if the federal claim is inextricably intertwined with the state adjudication, meaning that the federal relief can only be predicated upon a conviction that the state court was wrong. In either case, Rooker-Feldman bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims.

Knapper, 407 F.3d at 580.

In the case at bar, a final judgment of foreclosure was entered on December 14, 2023 in the state court action. The Bankruptcy has no power to look behind the judgment entered by the state court. Even if the debtor was correct in his argument (which he is not), the only court that can vacate the judgment is the state court. As such, any and all claims as to the validity of the judgment or that of the plaintiff in the foreclosure must be denied.

### III. THERE CAN BE NO FDCPA VIOLATION AS PLAINTIFF HAS BEEN AWAREDED A JUDGMENT IN STATE COURT

In passing debtor appears to make a claim under the Fair Debt Collection Practices Act, while not articulately plead, this must also fail.

The Fair Debt Collection Practices Act (FDCPA) is a comprehensive set of consumer protection laws designed to prevent abusive practices by creditors. Section 1692f sets forth a list of actions that are deemed to violate the Act. Section 1692(f)(6)(A) sets forth that it is a violation,

> Taking or threatening to take any **nonjudicial** action to effect dispossession or disablement of property if:
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession if the property; or
> (C) the property is exempt by paw from dispossession or disablement.

15 U.S.C. § 1692(f)(6)(A) (emphasis added).

Section 1692(f)(6)(A) is clearly inapplicable to the case at bar. First, the Bankruptcy action and the underlying state court foreclosure action are both JUDICIAL actions, thereby making the plain reading of the statutory provision inapplicable. Second, the plaintiff not only filed a judicial action in state court, but prosecuted same to conclusion, obtaining an Order awarding summary judgment in its favor and thereafter scheduling a sheriff sale. Any assertion that plaintiff is threatening to take action it does not intend to actually take is clearly not the case based on the facts of this matter. It is ironic that debtor is essentially trying to make the argument that because HE took action by filing a bankruptcy petition, thereby triggering the automatic stay, it is somehow plaintiff's fault that the sheriff sale has been adjourned. This argument must fail as a matter of fact and law.

## IV.     CONCLUSION

Debtor has clearly failed to state a claim upon which relief can be granted and the motion seeking sanctions must be denied.  Plaintiff was well within its rights to maintain the status quo in the foreclosure by adjourning the sheriff sale that was pending at the time this Bankruptcy action was instituted.  There is absolutely no merit to debtor's assertion that the only option plaintiff had was to cancel the sheriff sale.  Similarly, the remainder of debtor's assertions are equally unsupportable by the facts and law.  Accordingly, the motion for sanctions must be denied.

Respectfully Submitted:

By: /s/ Brian C. Nicholas
Brian C. Nicholas
McCalla Raymer Leibert Pierce, LLC
325 Chestnut Street, Suite 725
Philadelphia, Pennsylvania, 19106
Telephone: 848-999-4640
brian.nicholas@mccalla.com

Date: 11/20/2024

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**READING DIVISION**

| | |
|---|---|
| IN RE: FRANK F. TOROK II,<br>　　　　　Debtor(s)<br><br>vs.<br><br>KML LAW GROUP, P.C., and<br>US BANK TRUST NATIONAL ASSOCIATION,<br>NOT IN ITS INDIVIDUAL CAPACITY BUT<br>SOLELY AS OWNER TRUSTEE FOR VRMTG<br>ASSET TRUST<br>　　　　　Respondents<br><br>KENNETH E. WEST,<br>　　　　　Trustee | CHAPTER 13<br><br>CASE NO. 24-13427-PMM |

**CERTIFICATE OF SERVICE**

　　　　I, the undersigned, hereby certify that a true and correct copy of the within Objection to DEBTOR'S "MOTION FOR RELEIF FROM AUTOMATIC STAY VIOLATIONS AND FDCPA VIOLATIONS", together with Order, Notice of Motion and this Certificate, was sent to the Debtor(s), Counsel and the Trustee and all other required parties via first class mail and/or ECF on the date set forth below.

Frank F. Torok, II
5201 Stansfield Drive
Zionsville, PA 18092
Debtor(s)

Scott F. Waterman
Office of the Chapter 13 Standing Trustee
2901 St. Lawrence Ave
Suite 100
Reading, PA 19606
Chapter13 Trustee

U.S. Trustee
United States Trustee
Office of the U.S. Trustee
Robert N.C. Nix Federal Building
Suite 320
Philadelphia, PA 19107
USTPRegion03.PH.ECF@usdoj.gov
U.S. Trustee

DATED:  11/20/2024                                             By:  /s/ Brian C. Nicholas
                                                                            Brian Nicholas
                                                                            McCalla Raymer Leibert Pierce, LLC
                                                                            brian.nicholas@mccalla.com